IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KPEL HOLLINS,<br><br>　　　　Defendant. | Case No. 16-cr-00744-DKW-8<br><br>**ORDER DENYING DEFENDANT KPEL HOLLINS' MOTION FOR REDUCTION OF SENTENCE** |

On August 15, 2022, Defendant Kpel Hollins moved pro se, pursuant to 18 U.S.C. § 3582(c)(2), for reduction of his term of imprisonment ("the motion"). Dkt. No. 1014. Hollins argues that, if Amendment 782 to the U.S. Sentencing Guidelines (Amendment 782) had been applied in calculating his sentence, the same would have resulted in a lower guideline imprisonment range in this case. Hollins is wrong, however, for the simple reason that Amendment 782 has already been applied to, and thus does not change, his sentencing calculation. Therefore, the motion is DENIED.

## DISCUSSION

Section 3582(c)(2) permits a court to reduce a term of imprisonment if, *inter alia*, it was based on a sentencing range subsequently lowered by the Sentencing

Commission.[1]   Amendment 782, which became effective on November 1, 2014, lowered by two levels the base offense levels for certain drug crimes contained in U.S.S.G. § 2D1.1.

In this case, Hollins' base offense level was calculated pursuant to Section 2D1.1.  *See* 7/17/20 Presentence Investigation Report (PSR) at ¶ 28, Dkt. No. 765; 8/13/20 Statement of Reasons at 1 (adopting the PSR without change), Dkt. No. 774. In particular, pursuant to Section 2D1.1, Hollins was calculated as having a base offense level of 34 because he was found responsible for approximately 22,467 kilograms of converted drug weight.[2]   *See* 9/30/15 Sentencing Transcript at 12:11-14:10, Dkt. No. 161-1.

The only question, therefore, is whether Amendment 782 alters these calculations by lowering Hollins' base offense level.  It does not.  Instead, the calculation set forth above, which was used when Hollins was sentenced in 2020, is unchanged by Amendment 782.  This is because Amendment 782, effective since November 1, *2014*, was incorporated in the PSR, which used the *2018* Guidelines

---

[1] Section 3582(c)(2) also requires, before a sentence may be reduced, that the reduction be consistent with "applicable policy statements issued by the Sentencing Commission."  Because the Court does not find that Hollins' sentencing range has been lowered by Amendment 782, it is unnecessary to address whether any reduction would be consistent with applicable policy statements.

[2] "Converted drug weight" is a term used for determining penalties for drug offenses when combining different controlled substances for which a defendant is responsible.  *See* Note K to U.S.S.G. § 2D1.1.  Here, for example, Hollins was responsible for 845 grams of "ice" and roughly 2,783 grams of generic methamphetamine, resulting in a converted drug weight of more than 22,467 kilograms.  PSR at ¶ 27.

Manual.  *See* PSR at ¶ 22 ("The 2018 Guidelines Manual, *incorporating all guideline amendments*, was used to determine the defendant's offense level.") (emphasis added).  Therefore, contrary to Hollins' assertion, Amendment 782 would not reduce his base offense level or his guideline imprisonment range, at least not any more than was reflected in the PSR and the Court's calculation of his sentence.  As a result, Hollins is not entitled to a reduction in his sentence pursuant to Section 3582(c)(2).

## CONCLUSION

For the foregoing reasons, Hollins' motion for reduction of sentence, Dkt. No. 1014, is DENIED.

IT IS SO ORDERED.

DATED: August 31, 2022 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

*United States v. Hollins,* Case No. 16-cr-00744-DKW-8; **ORDER DENYING DEFENDANT KPEL HOLLINS' MOTION FOR REDUCTION OF SENTENCE, DKT. NO. 1014.**

3